UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WACHELLE BOUTTE, ET AL. | * | CIVIL ACTION |
| Plaintiffs | * | |
| | * | NOS: 19-9613 c/w 19-10327 |
| VERSUS | * | |
| | * | SECTION: G-1 |
| | * | |
| SHERIFF JOSEPH P. LOPINTO, ET AL. | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * ***

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE PLAINTIFFS' EXPERT WITNESS, W. LOYD GRAFTON, FROM TESTIFYING AT TRIAL**

**MAY IT PLEASE THE COURT:**

Defendants, Sheriff JOSEPH P. LOPINTO III, in his official capacity as the Sheriff of Jefferson Parish, and JPSO Deputies David Lowe, Jason Spadoni, Justin Brister and Gary Bordelon, have moved this Honorable Court to exclude Plaintiffs' purported expert, Mr. W. Loyd Grafton, from testifying at trial. Defendants submit that the Mr. Grafton's testimony should be excluded (1) for Plaintiffs' failure to comply with the basic mandates of Fed. R. Civ. Procedure 26, and (2) because Mr. Grafton's purported testimony is inadmissible under Fed. R. Evid. 702 as it is (a) not reliable expert opinion evidence, and (b) not relevant to, and cannot assist the trier of fact in deciding the only issue(s) before the Court.

# I. BACKGROUND

This case arises out of the death of Keeven Robinson on May 10, 2018. Mr. Robinson died after fleeing from the Defendant Deputies and violently resisting arrest.

On April 23, 2019, the Boutte Plaintiffs brought suit alleging federal civil rights claims as well as state law wrongful death and survival claims for the death of Keeven Robinson. R. Doc. 2. Plaintiff Wachelle Boutte alleges that she is the surviving spouse of Keeven Robinson. *Id*. The Boutte Plaintiffs allege that the Defendant Deputies used excessive force against Keeven Robinson in violation of the statutes and laws of the United States, and that the excessive force was motivated by the Sheriff's official policy.

On May 10, 2019, Plaintiff Robinson filed suit. *See* R. Doc. 1 in Case No. 19-10327. She alleges that she is Keeven Robinson's surviving mother. *Id*. She alleges the same claims as Plaintiff Boutte, namely wrongful death and survivor claims pursuant to La. C.C. art. 2315, 2315.1, 2315.2, 2316, 2317, and 2320, as well as federal claims of unlawful seizure and excessive force on behalf of Keeven Robinson. *Id*.

On March 21, 2021, the two cases were consolidated. R. Doc. 41.

Per the Court's Scheduling Order "[w]ritten reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for the

Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than September 16, 2021." R. Doc. 45.

Plaintiffs delivered the expert report of Mr. Grafton well before the deadline, on or about march 1, 2021. *See* Report of Mr. Grafton, attached as Exhibit 1.

On June 28, 2021, counsel for Defendants sent Plaintiffs a letter asking that Mr. Grafton amend his report to comply with Fed. R. Civ. P. 26. *See* June 28, 2021 letter, attached as Exhibit 2.

Specifically, Defendants asked that Mr. Grafton supply the "basis and reasons" for the opinions that he expressed in his report per the mandate in Fed. R. Civ. P. 26(a)(2)(B)(i). *Id*.

Defendants further asked that Plaintiff produce the "training at local, state and national academies" that Mr. Grafton referenced in his report. *Id*.

Defendants also asked Plaintiffs to provide the materials that Mr. Grafton states in his report that he used or developed during his twenty-four year teaching career. *Id*.

As of the date of the filing of this Motion, Plaintiffs have failed to supply the "basis and reasons" for the opinions that he expressed in his report per the mandate in Fed. R. Civ. P. 26(2)(B)(i), the "training at local, state and national academies"

3

that Mr. Grafton referenced in his report, or the materials that Mr. Grafton states in his report that he used or developed during his twenty-four year teaching career.

II.     **MR. GRAFTON'S REPORT**

Mr. Grafton issues five purported opinions. They are thus:

### Opinion Number One

It is my opinion to a reasonable degree of professional certainty that Mr. Keeven Robinson had his civil rights violated when he was struck in the head and body on May 10, 2018 by officers David Lowe, Jason Spodoni, Gary Bordelon and Justin Brister, of the Jefferson Parish Sheriff's Office. This action was clearly excessive and objectively unreasonable, consciously indifferent resulting in harm to Mr. Robinson.

### Opinion Number Two

It is my opinion to a reasonable degree of professional certainty that officers David Lowe, Jason Spodoni, Gary Bordelon and Justin Brister, of the Jefferson Parish Sheriff's Office who were present at the arrest of Keeven Robinson on May 10, 2018 violated acceptable law enforcement practices as well as their training when they attempted to handcuff Mr. Robinson.

### Opinion Number Three

It is my opinion to a reasonable degree of professional certainty that on May 10, 2018 officers David Lowe, Jason Spodoni, Gary Bordelon and Justin Brister, of the Jefferson Parish Sheriff's Office did not follow their training or guidelines concerning the amount of force to be used in taking someone into custody.

### Opinion Number Four

It is my opinion to a reasonable degree of professional certainty that on May 10, 2018 officers David Lowe, Jason Spodoni, Gary Bordelon and Justin Brister, of the Jefferson Parish Sheriff's Office failed to

follow PPCT Training which is designed to use only that force necessary and reasonable when taking a person into custody.

## Opinion Number Five

It is my opinion to a reasonable degree of professional certainty that on May 10, 2018 officers David Lowe, Jason Spodoni, Gary Bordelon and Justin Brister, of the Jefferson Parish Sheriff's Office did not properly document the amount of force used on Mr. Keeven Robinson.

Exhibit 1.

### III. MR. GRAFTON'S PURPORTED TESTIMONY SHOULD BE EXCLUDED FOR PLAINTIFF'S FAILURE TO MEET THE REQUIREMENTS OF RULE 26(a)(2)(B)

Fed. R. Civ. P. 26(a)(2)(B) provides:

(2) Disclosure of Expert Testimony.

(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness —if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

>  (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> 
>  (ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

Fed. R. Civ. P. 26(a)(2).

In the present case, the Plaintiffs provided the report of Mr. Grafton in March, 2021. Yet, despite being asked as far back as June 28, 2021, nearly five months prior to the deadline for submitting a final expert report, Plaintiffs have still not provided "a complete statement of all opinions the witness will express and t*he basis and reasons for them*" as required by Fed. R. Civ. P. 26(a)(2)(B)(i). As the Court can readily see, Mr. Grafton provides no "basis or reasons" for any of his conclusions.

Further, despite being asked as far back as June 28, 2021, nearly five months prior to the deadline for submitting a final expert report, Plaintiffs have still not provided "the facts or data considered by [Mr. Grafton] in forming [his opinions]" as required by Fed. R. Civ. P. 26(a)(2)(B)(ii).

Despite being asked as far back as June 28, 2021, nearly five months prior to the deadline for submitting a final expert report, Plaintiffs have still not provided "a list of all other cases in which, during the previous 4 years, [Mr. Grafton]

testified as an expert at trial or by deposition" as required by Fed. R. Civ. P. 26(a)(2)(B)(v).

The failure to disclose a report meeting the requirements of Rule 26(a)(2)(B) precludes a party from introducing the testimony as evidence. *See Pena v. State Farm Fire and Cas., Co.*, 408 F.3d 10, 13-14 (1st Cir. 2005). Such sanction is "automatic and mandatory" unless the party failing to disclose can show the failure was justified or harmless. *See Jacobsen v. Desert Brook Co.*, 287 F.3d 936, 952-953 (10th Cir. 2002).

Here, Plaintiffs failed to disclose Mr. Grafton's purported expert testimony meeting the requirements of Rule 26(a)(2)(B) as set forth above. Further, Plaintiffs' failure was not justified or harmless. First, it was not justified insofar as the Defendants gave Plaintiffs five months notice of their failure and the opportunity to cure it prior to their deadline. Second, Plaintiffs failure to disclose is not harmless. Indeed, to date, the Defendants have no earthly idea the basis, reasons, and factual support for his opinions. Defendants have not been provided with meaningful information needed to properly examine Mr. Grafton at trial.

Therefore, Mr. Grafton's testimony should be excluded from trial.

**IV. MR. GRAFTON'S TESTIMONY SHOULD BE EXCLUDED PURSUANT TO FED. R. EVID. 702**

    **A. STANDARD OF REVIEW**

Rule 702 provides:

> If scientific, technical, or other specialized knowledge *will assist the trier of fact to understand the evidence or to determine a fact in issue*, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise.

Fed. R. Evid. 702 (emphasis added).

For the testimony to be admissible, Rule 702 establishes the following requirements:

> (1) the testimony [must be] based on sufficient facts or data,
> (2) the testimony [must be] the product of reliable principles and methods, and
> (3) the expert [must reliably apply] the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The United States Supreme Court interpreted Rule 702 in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, explaining that Rule 702 assigns to the district judges a gate-keeping role to ensure that expert testimony is both reliable and relevant. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Caramichael*, 526 U.S. 137, 142 (1999) (the Court clarified that this "gate-keeping" obligation applies not only to testimony based on scientific knowledge, but also to testimony based on technical and "other specialized" knowledge as stated in Rule 702). To fulfill its gate-keeping obligation, the district court must undertake a two-part analysis.

First, the district judge must determine whether the proffered testimony is *reliable*, requiring an assessment of whether the reasoning or methodology underlying the testimony is scientifically valid. *Id*. at 592-93; *See also Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999). Second, the district judge must determine whether the expert opinion is *relevant*, in that it sufficiently relates to the facts in issue so that it will assist the trier of fact in resolving the factual disputes. *Id*. at 591. Most importantly, it is the proponent of the expert testimony who must prove, by a preponderance of the evidence, that the proffered testimony is both reliable and relevant. *See Moore v. Ashland Chemical, Inc.,* 151 F.3d 269, 276 (5th Cir. 1998)(*citations omitted*).

In this case, as above, Mr. Grafton does not provide and basis, reasons, or factual support for his opinions, which opinions are pure conclusions of law. Therefore, Mr. Grafton's opinions are not relevant and should be excluded from trial.

### B. THE TESTIMONY OF MR. GRAFTON SHOULD BE EXCLUDED AS NOT *RELIABLE*.

Federal Rule of Evidence 702 and the decisions of the United States Supreme Court in *Daubert* and *Kumho Tire* provide the bases for determining the admissibility of expert testimony. As the proverbial "gate-keeper," this Court must ensure that "expert" testimony proffered is sufficiently tied to the facts of the case such that it will aid the jury in resolving factual disputes. *Daubert*, 509 U.S. at 591-

92 (*citing United States v. Downing*, 753 F.2d 1224, 1242 (3rd Cir. 1985)). Significant is Rule 702's "helpfulness" standard, which requires a valid and substantial connection to the pertinent injury at trial as a precondition to admissibility of "expert" opinions. *See Id.* Thus, Plaintiff's "expert" testimony must relate a "specialized knowledge," which connotes more than merely a subjective belief and/or unsupported speculation.

The U.S. Supreme Court, in *Kumho Tire*, recognized that *Daubert*'s "reliability" factors[1] "may or may not be pertinent in assessing reliability depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire*, 526 U.S. at 150. In fact, where scientific knowledge is not at issue, the Court need not employ the *Daubert* factors to determine reliability, but may gauge reliability from a more flexible analysis. *Kumho Tire*, 526 U.S. at 149. "[N]ot every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (*citing Kumho Tire*, 526 U.S. at 151). The person seeking to admit the expert testimony bears the burden of proving reliability by a preponderance of the

---

[1] *Daubert* identified a number of non-exclusive factors which may be relevant to the reliability inquiry: (1) whether the technique has been tested; (2) whether the technique has been subjected to peer review and publication; (3) the technique's error rate; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the technique has been accepted in the scientific community. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 593-94 (1993).

evidence. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir.1998) (en banc).

The reliability inquiry requires the Court to assess whether the reasoning or methodology underlying the expert's testimony is valid. *See Daubert*, 509 U.S. at 593. ***The aim is to exclude expert testimony based merely on subjective belief or unsupported speculation***. *See id*. at 590 (emphasis added).

In the present case, the Plaintiff cannot meet his burden of showing that the purported opinion offered by Mr. Grafton is reliable and admissible as it is based upon unreliable assumptions and pure speculation based upon those unreliable assumptions. Mr. Grafton does not provide any basis, reasons, or factual support for his opinions, which opinions are pure conclusions of law.

Therefore, Mr. Grafton's reports are nothing but "unsupported speculation" and are therefore unreliable. *See Daubert* at 590. Accordingly, his testimony should be excluded from trial.

In sum, Mr. Grafton's reports are nothing but "unsupported speculation" and are therefore unreliable. *See Daubert* at 590. Accordingly, his testimony should be excluded from trial.

### C. THE TESTIMONY OF MR. GRAFTON SHOULD BE EXCLUDED AS NOT *RELEVANT*

With respect to the *Daubert* relevancy prong, Rule 702 requires that the proposed expert testimony be relevant, not simply in the way all testimony must be

relevant (Fed. R. Evid. 402), but also in the sense that the proposed expert's opinion would assist the trier of fact to understand or determine a *fact* in issue. *Daubert*, 509 U.S. at 591-92. Expert testimony assists the trier of fact when the expert's knowledge and experience on a relevant issue are beyond that of the average juror and the testimony helps the trier of fact understand the evidence or determine a *fact* issue. *See Daubert*, 509 U.S. at 589-90; *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002).

Federal Rule of Evidence 704 provides that "testimony...otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704. The Advisory Committee notes, however, point out that Rule 704 "does not lower the bars so as to admit all opinions." *Id*. Nor is Rule 704 intended to allow a witness to give legal conclusions. *Owen v. Kerr-McGee Corp.*, 698 F. 2d 236, 239 (5th Cir. 1983) (*citing United States v. Fogg*, 652 F.2d 551, 557 (5th Cir. 1981), *cert. denied* 456 U.S. 905 (1982); *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977)). Allowing an "expert" to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant. *Owen*, 698 F.2d at 240.

In this case, again, Mr. Grafton's purported opinions are legal conclusions and unreliable speculation. They are not based upon any stated facts. Accordingly,

Mr. Grafton's testimony could not assist the trier of fact in determining any *fact* at issue.

Accordingly, Mr. Grafton's testimony should be excluded from trial.

## **CONCLUSION**

First, Mr. Grafton's testimony should be excluded for Plaintiffs' failure to comply with the basic mandates of Fed. R. Civ. Procedure 26. Second, Mr. Grafton's testimony should be excluded because Mr. Grafton's purported testimony is inadmissible under Fed. R. Evid. 702 as it is (1) not reliable expert opinion evidence, and (2) not relevant to, and cannot assist the trier of fact in deciding the only issue(s) before the Court.

Respectfully submitted,

**/s/ Daniel Martiny**
_____
**FRANZ ZIBILICH, LSB# 14914**
**DANIEL R. MARTINY, LSB#9012**
**JAMES B. MULLALY, LSB#28296**
**JEFFREY MARTINY, LSB# 35012**
MARTINY & ASSOCIATES, LLC
131 Airline Drive
Suite 201
Metairie, Louisiana 70001
Telephone: (504) 834-7676
Facsimile: (504) 834-5409
Email: danny@martinylaw.com
       mulljtc@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

/s/ Daniel Martiny

_____
**DANIEL MARTINY**