# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WACHELLE BOUTTE, ET AL.** | CIVIL ACTION |
| | NO: 2:19-CV-09613 C/W 2:19-10327 |
| | SECTION: "G" |
| Versus | |
| | CHIEF JUDGE |
| | NANNETTE JOLIVETTE BROWN |
| **JOSEPH PETER LOPINTO, III, ET AL.** | |
| | MAGISTRATE JUDGE |
| | JANIS VAN MEERVELD |

### MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) SUBMITTED ON BEHALF OF PLAINTIFF, KIWANDA ROBINSON

**MAY IT PLEASE THE COURT:**

This Memorandum, submitted on behalf of Plaintiff, Kiwanda Robinson, in Opposition to the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) filed by Defendant, Sheriff Joseph Lopinto, in his official capacity as the Sheriff of Jefferson Parish, respectfully requests that this Honorable Court deny the Motion to Dismiss.

### I. STATEMENT OF THE CASE

On May 10, 2019, Plaintiff, Kiwanda Robinson filed her Complaint [Doc.1], asserting both federal and state law claims, with an Amended Complaint [Doc. 15] filed on June 28, 2019, in connection with the death of her son, Keeven Robinson. This matter was consolidated with the claim of Mr. Robinson's spouse, *Wachelle Boutte, et al. v. Joseph Peter Lopinto, III, et al.*, 2:19-cv-9613, on March 25, 2021 [Doc. 31]. This month on December 7, 2021, an Order was issued dismissing all federal constitutional and state law claims of Plaintiff, with the exception of

Plaintiff's claim for bystander damages [Doc. 70]. The trial of this matter is scheduled to commence on January 10, 2022.

As stated, Plaintiff's Complaint was filed as the result of the death of her son, Keeven Robinson. Specifically, on May 10, 2018, Plaintiff's son, was allegedly the target of the Jefferson Parish Sheriff's Office, who were conducting an undercover investigation wherein Mr. Robinson was accused of being involved in the narcotics trade. On this date, Defendants, David Lowe, Jason Spadoni, Justin Brister, and Gary Bordelon attempted to stop Mr. Robinson after he exited the Shell gas station located at the corner of Jefferson Highway and Labarre Place and entered into a vehicle.

As Mr. Robinson exited the parking lot of the Shell gas station and proceeded north bound on Labarre Place, Defendants, Lowe, Spadoni, Brister, and Bordelon, attempted to box Mr. Robinson's vehicle in, with their unmarked vehicles. As a result of the actions by Defendants, Lowe, Spadoni, Brister, and Bordelon, who were attempting to box Mr. Robinson in, their unmarked vehicles purposefully collided with the vehicle that Mr. Robinson was driving.

Mr. Robinson exited the vehicle he was driving and began to run. After a brief chase, Mr. Robinson surrendered to Defendants, Lowe, Spadoni, Brister, and Bordelon, while in the back yard of a home. After Mr. Robinson's surrender, Defendants, Lowe, Spadoni, Brister, and Bordelon, began to hold Mr. Robinson down on the ground while beating him. While Defendants, Lowe, Spadoni, Brister, and Bordelon, were holding Mr. Robinson down and beating him, he stopped breathing.

Immediately after Mr. Robinson was apprehended and choked to death by the Defendants, his mother, Plaintiff, Ms. Kiwanda Robinson arrived upon the scene. Upon her arrival to the scene, Ms. Kiwanda Robinson witnessed, Mr. Robinson lying lifeless on the ground. Upon her arrival to

the scene, Ms. Kiwanda Robinson learned that her son had been beaten and choked to death by the Defendants. Upon seeing her son lying on the ground lifeless and learning that he was not breathing, Ms. Robinson was overcome with severe mental anguish, emotional distress and grief.

Mr. Robinson was transported to Ochsner Medical Center where he could not be revived and was pronounced dead. The initial findings of the autopsy of Mr. Robinson, which was completed by the Jefferson Parish Corner's Office, revealed significant traumatic injuries to Mr. Robinson's neck including the soft tissue of the neck. Mr. Robinson's death was ruled a homicide by asphyxiation, according to the Jefferson Parish Corner's Office.

As a result of the actions of Defendants, causing the death of her son, Plaintiff has sustained substantial injury and is entitled to bystander damages.

## II. LAW AND ARGUMENT

In this matter, Plaintiff, Kiwanda Robinson, respectfully requests that this Honorable Court exercise its supplemental jurisdiction. Plaintiff filed her Complaint in this Court more than two years ago on May 10, 2019. At the time of its filing, Ms. Kiwanda Robinson's Complaint asserted federal and state claims. Now, the only remaining claim of Plaintiff, is her state law claim for bystander damages, which Defendant, Sheriff Joseph Lopinto, seeks to have dismissed, now less than one month before the January 10, 2022 trial.

Pursuant to 28 U.S. Code § 1367 this Court has supplemental jurisdiction. 28 U.S. Code § 1367, in pertinent part provides:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

\*\*\*

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[1]

\*\*\*

This Court has opined that if a court has original jurisdiction over a federal claim pursuant to 28 U.S.C. § 1331, the court also has supplemental jurisdiction over related state law claims when the state law claims are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[2] Upon dismissal of the federal claim that served as the basis for original jurisdiction, the district court retains its statutory supplemental jurisdiction over the state law claims; however, it may choose whether or not to exercise that jurisdiction.[3] Section 1367(c) enumerates the circumstances in which district courts may refuse to exercise supplemental jurisdiction. Courts also consider whether the balance of common law factors of judicial economy, convenience, fairness, and comity weigh in favor or against exercising supplemental jurisdiction.[4] Thus, the Court's determination of whether to retain supplemental jurisdiction is guided by "both the

---

[1] 28 U.S. Code § 1367.
[2] *Murillo v. Coryell Cnty. Tradesmen, LLC,* No. 15-3641 (E.D. La. June 23, 2017) citing 28 U.S.C. § 1367(a).
[3] *Id.* citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009).
[4] *Id.* citing *Smith v. Amedisys, Inc.*, 298 F.3d 434, 446 (5th Cir. 2002); *Lee*, 2016 WL 164898, at \*4-5; *Perry*, 2012 WL 255776, at \*3.

statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[5] The Fifth Circuit instructs that "no single factor" in the supplemental jurisdiction analysis "is dispositive," and courts are to look to all of the factors under "the specific circumstances of a given case."[6]

Plaintiff's federal claims that were recently dismissed and her remaining state law claim, as well as the consolidated claims of Plaintiff, Wachelle Boutte, arise from the same case or controversy, provided all claims in this matter are derived from a common nucleus of operative facts – the death of Mr. Keeven Robinson. Further, based on the specific circumstances in this case, when considering the factors outlined by statute, in addition to the common law factors – exercising supplemental jurisdiction by this Court is warranted. As to the statutory factors, (1) Plaintiff's bystander claim is not a novel or complex issue of Louisiana state law. This is an area that has been ruled on by the district court numerous times. (2) Plaintiff's claim for bystander damages does not substantially predominate over the claims over which the district court has/had original jurisdiction. (3) Although the Court has dismissed all federal constitutional claims, as to Plaintiff, Kiwanda Robinson, Ms. Robinson still has a claim that is premised on the same facts as her dismissed claims and the federal claims in the consolidated matter remain. (4) There are no compelling reasons to decline jurisdiction.

Moreover, the common law factors of judicial economy, convenience, fairness, and comity weigh in favor of exercising supplemental jurisdiction. This Court has already spent more than two years presiding over Plaintiff's claims and is well versed on all facts and claims involved. The trial of this matter is scheduled to start in less than a month. Should Plaintiff's case not come to a

---

[5] *Id.* citing *Batiste*, 179 F.3d at 227 (5th Cir. 1999); *Parker & Parsley Petroleum Co. v. Dresser Ind.*, 972 F.2d 580, 585 (5th Cir. 1992) (same).
[6] *Id.* citing *Parker*, 972 F.2d at 587.

resolution in this Court, all of the Court's efforts, as well as that of the parties would have been a waste of time. Additionally, it is noted that the Fifth Circuit, has opined that it is an abuse of discretion under 28 U.S.C. § 1367, for a district court to decline to exercise jurisdiction over remaining state law claims following the dismissal of all federal-law claims, after investing a significant amount of judicial resources in the litigation.[7] Furthermore, Plaintiff, Kiwanda Robinson has already suffered the loss of her son and to have the exact same claim re-litigated in state court, will be more of a burden, as it would unduly add to her suffering to have this case linger and not come to an end soon, as she anticipates. Lastly, since the consolidated matter is derived from the same facts as Plaintiff's claim, it would be more convenient to have the cases tried in one court at the same time, provided both cases involve the same Defendants and most of the same witnesses, *inter alia*.

### III. CONCLUSION

Based on the specific circumstances of this case, when weighing the statutory factors as enumerated in 28 U.S. Code § 1367(c) and the common law factors of judicial economy, convenience, fairness, and comity, for the foregoing reasons, Plaintiff, Kiwanda Robinson prays that this Honorable Court retain jurisdiction over her remaining claim and deny Defendant, Sheriff, Joseph Lopinto's Motion to Dismiss.

---

[7] *Brookshire Holdings, Inc., et al. v. Dayco Products, Inc., et al.*, 554 F.3d 595, 602 (5th Cir. 2009).

LAW OFFICE OF MICHAEL J. HALL, LLC

        s/Jonique Martin Hall
**MICHAEL J. HALL, LSBA #28067**
**JONIQUE M. HALL, LSBA # 28137**
2401 Westbend Parkway, Ste. 2102
New Orleans, Louisiana 70114
Phone: (504) 383.5294
Fax: (504) 309.4678
Email: mjhall@mjhalllaw.com
        jhall@mjhalllaw.com

### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have on this 13th day of December 2021 filed electronically a true copy of the foregoing. All parties received notice of this filing by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system. Additionally, a true and correct copy of the foregoing was served by U.S. Mail to any non-participant of the CM/ECF system.

        /s/ Jonique Martin Hall
        **JONIQUE MARTIN HALL**